IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 17-14136-FF

United States of America,

*Appellee*,

v.

Roberto Perez,

*Appellant*.

AMICUS'S RESPONSE TO APPELLANT'S MOTION TO VACATE ORDER
APPOINTING "AMICUS LAWYER"

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Alissa Del Riego
Fla. Bar No. 99742
PODHURST ORSECK, P.A.
One S.E. 3rd Ave.
Suite 2300
Miami, FL 33131
Tel.: 305-358-2800
adelriego@podhurst.com

*Amicus Counsel*

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

Amicus Counsel submits this list, which includes the trial judge, and all attorneys, persons, associations or persons, firms, partnerships or corporations that have an interest in the outcome of this motion:

1.      Bascuas, Ricardo J.

2.      Carmon, Katie

3.      Caruso, Michael

4.      Chase Bank

**5.      Del Riego, Alissa**

6.      Dreispul, Tracy

7.      Ferrer, Wifredo A.

8.      Garber, Hon. Barry L.

9.      Greenberg, Benjamin G.

10.     Hirsch, Lisa A.

11.     JP Morgan Chase

12.     King, The Hon. James L.

13.     Mariani, Nicole

14.     O'Sullivan, The Hon. John J.

15.     Obenauf, Jessica

16.     Perez, Roberto Arturo

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

17.    Phillips-Williams, Bonnie

**18.    Podhurst Orseck, P.A.**

19.    Simonton, Hon. Andrea M.

20.    Smachetti, Emily

21.    Torres, Hon. Edwin G.

22.    Victim Teller at JPM

23.    Victim Teller at WFC

24.    Wells Fargo Bank

25.    White, Hon. Patrick A.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Amicus Counsel states there are no corporate disclosures.

/s/    *Alissa Del Riego*
Alissa Del Riego

**Podhurst Orseck, P.A.**

One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

# TABLE OF CONTENTS

**Page(s)**

Certificate of Interested Persons……………………………………………………i

Table of Citations…………………………………………………….……………iv

I. Relevant Factual Background............................................................................1

    A.    Mr. Perez's Undisputed Underlying Criminal Conduct ...........................1

    B.    Appellant's Guilty Plea and Sentencing ..................................................2

    C.    The Instant Appeal ..................................................................................4

    D.    The Court Appoints Amicus to Defend the Judgment of the District
          Court and Appellant Moves to Vacate that Appointment.........................5

II. Argument .........................................................................................................6

    A.    The Court Did Not Exceed Its Article III Authority in Appointing
          Amicus. ...................................................................................................6

    B.    Amicus's Defense of the District Court's Judgment Does Not Make
          Amicus a "Private Prosecutor" Nor Require Amicus to Argue the
          Underlying Facts of the Case Against Appellant....................................10

        1.    The Court Did Not Appoint Amicus to Serve as a "Private
              Prosecutor." ..................................................................................11

        2.    Amicus Does Not Lack Standing to Defend the Judgment of the
              District Court..................................................................................16

        3.    The Court Has Discretion to Appoint Amicus, Regardless of Whether
              Appellant Contends the Appointment is Necessary...........................17

        4.    Amicus's Appointment Does Not Deprive Appellant of His Due
              Process Rights. ..............................................................................18

III. Conclusion .....................................................................................................19

Certificate of Service

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

# TABLE OF CITATIONS

**CASES**                                                    **PAGE(S)**

*Beckles v. United States,*
    137 S. Ct. 886 (2017)...................................................................................12

*Bob Jones University v. United States,*
    456 U.S. 922 (1982)................................................................................. 7

*Bond v. United States,*
    564 U.S. 211 (2011).................................................................................10

*Bryant v. Warden, FCC Coleman-Medium,*
    738 F.3d 1253 (11th Cir. 2013) ............................................................ 8, 18

*Gissendaner v. Comm'r, Georgia Dep't of Corr.,*
    794 F.3d 1327 (11th Cir. 2015) ...............................................................19

*Hunter v. United States,*
    449 F. App'x 860 (11th Cir. 2011).................................................... …5, 9

*In re Halo Wireless, Inc.,*
    684 F.3d 581 (5th Cir. 2012) .................................................... 13, 14

*In re Hunt,*
    754 F.2d 1290 (5th Cir. 1985) .................................................................13

*In re United States,*
    345 F.3d 450 (7th Cir. 2003) .................................................... 11, 18

*In re Utilities Power & Light Corp.,*
    90 F.2d 798 (7th Cir. 1937) ........................................................... 7

*Jara v. Nuñez,*
    878 F.3d 1268 (11th Cir. 2018) .................................................... 8, 9, 10, 18

*Landeros v. Pinnacle Recovery, Inc.,*
    692 F. App'x 608 (11th Cir. 2017).................................................... 5, 8, 9, 10

*McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,*
    851 F.3d 1076 (11th Cir. 2017) ........................................ 5, 7, 8, 9, 10, 17, 18

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

*Miller v. United States*,
    735 F.3d 141 (4th Cir. 2013) ........................................................................10

*Miller-Wohl Co. v. Montana Comm'r of Labor & Indus.*,
    694 F.2d 203 (9th Cir. 1982) ........................................................................18

*Mistretta v. United States*,
    488 U.S. 361 (1989).....................................................................................12

*New England Patriots Football Club v. University of Colorado*,
    592 F.2d 1196 (1st Cir. 1979)............................................................. ....13

*Norelus v. Denny's, Inc.*,
    628 F.3d 1270 (11th Cir. 2010) ......................................................... ....14

*Pepper v. United States*,
    562 U.S. 476 (2011)............................................................................ 10, 13

*Roberts v. Galen of Va., Inc.*,
    525 U.S. 249 (1999).................................................................................... 8

*Ryan v. Commodity Futures Trading Comm'n*,
    125 F.3d 1062 (7th Cir. 1997) .....................................................................17

*Santiago-Lugo v. Warden*,
    785 F.3d 467 (11th Cir. 2015) ................................................................... 7

*Tapia v. United States*,
    564 U.S. 319 (2011)............................................................................ 10, 13

*United States v. Banks*,
    347 F.3d 1266 (11th Cir. 2003) ..................................................................14

*United States v. Brainer*,
    691 F.2d 691 (4th Cir. 1982) ..................................................................... 8

*United States v. Cox*,
    342 F.2d 167 (5th Cir. 1965) .....................................................................12

*United States v. Fausto*,
    480 U.S. 904 (1987)................................................................................... 7

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

*United States v. Flennory*,
    145 F.3d 1264 (11th Cir. 1998) ..................................................... 7

*United States v. Haldeman*,
    559 F.2d 31 (D.C. Cir. 1976)........................................................10

*United States v. Linville*,
    228 F.3d 1330 (11th Cir. 2000) ................................................5, 7

*United States v. McGarity*,
    669 F.3d 1218 (11th Cir. 2012) ..................................................16

*United States v. Murphy*,
    306 F.3d 1087 (11th Cir. 2002) ..................................................16

*United States v. Petho*,
    409 F.3d 1277 (11th Cir. 2005) ..................................................16

*United States v. Providence Journal, Co.*,
    485 U.S. 693 (1988)................................................................... 7

*United States v. Rosenthal*,
    763 F.2d 1291 (11th Cir. 1985) ......................................... …..5, 9

*United States v. Surratt*,
    797 F.3d 240 (4th Cir. 2015) .....................................................10

*United States v. Thompson*,
    599 F.3d 595 (7th Cir. 2010) ......................................... …… 10

*Universal Oil Prods. Co. v. Root Refining Co.*,
    328 U.S. 575 (1946)................................................................... 7

*Young v. United States ex rel. Vuitton et Fils S.A.*,
    481 U.S. 787 (1987).................................................. 12, 13, 18, 19

**Statutes**

18 U.S.C. § 2113(a) ................................................................2

U.S.S.G. § 2B3.1(b)(2)(F) ................................................. 3, 4, 16

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com

The Court acted well within its Article III power in appointing Amicus to defend the district court's judgment. Appellant's motion either misunderstands or misrepresents the scope and nature of Amicus's assignment. Amicus was not appointed to serve as a "private prosecutor" or to argue the underlying facts in the case, which Appellant admits in his own brief are undisputed. *See* Appellant's Br. at 15. Amicus was instead appointed to assist the Court by briefing two legal issues— (1) whether the district court erred in its interpretation and application of the Sentencing Guidelines to Appellant's undisputed underlying conduct and (2) whether the undisputed factual record is legally sufficient to support the application of the sentencing enhancement. Because Appellant's motion is based on the incorrect premise that Amicus was appointed to serve as a private prosecutor, the arguments Appellant raises therein are simply inapposite. Amicus, therefore, respectfully requests the Court deny Appellant's motion.

## I.   Relevant Factual Background

### A. Mr. Perez's Undisputed Underlying Criminal Conduct

On March 21, 2017, Appellant Roberto Perez robbed a Chase Bank in Tamarac, Florida. D.E. 18, at ¶12. He entered the bank and handed the teller a demand note stating: "Put $5000 in an envelope. Put the note inside as well. Stay calm. Do this and no one will get hurt. Press the alarm after I walk out. I have kids to feed. Thanks." *Id.* The bank teller placed $1,000 cash on the counter. *Id.* Once

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

Mr. Perez realized the teller only gave him $1,000, he pointed to his demand note. *Id.* The teller placed another $1,000 in cash on the counter. Mr. Perez grabbed the cash, counted it, and pointed to his demand note. *Id.* This process occurred another three times, until Mr. Perez had the full $5,000. *Id.* Mr. Perez exited the bank with $5,000 in his pockets. *Id.*

On March 27, 2017, Mr. Perez attempted to rob a Wells Fargo Bank in North Miami Beach, Florida. *Id.* Mr. Perez entered the bank and handed the teller a demand note stating: "[A]ct normal and stay calm take 20,000$ and put it an envelope and nobody gets hurt please sound the alarm in 10 minutes I got kids to feed thanks[.]" *Id*. The teller triggered the bank's alarm system, entered a backroom, and informed her supervisor that a robbery was in progress. *Id.* The teller's supervisor called 911, and the teller returned to the counter. *Id.* Mr. Perez became agitated and demanded the teller hurry up. *Id.* The teller was able to stall Mr. Perez until law enforcement arrived and arrested him. *Id.*

### B. Appellant's Guilty Plea and Sentencing

On June 20, 2017, Mr. Perez pled guilty to one count of robbery and one count of attempted robbery, in violation of 18 U.S.C. § 2113(a). *See* D.E. 17:1; D.E. 36:6-36:15. Upon information and belief, on July 25, 2017, the probation office submitted its presentencing investigation report ("PSI"),[1] which calculated Mr. Perez's

---

[1] Amicus has not seen Mr. Perez's PSI. Amicus contacted the Eleventh Circuit

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     |     www.podhurst.com

sentence under the Sentencing Guidelines (the "Guidelines") and included, in relevant part, a two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for making a "threat of death" during the commission of a robbery. The PSI applied the enhancement based on the demand notes Mr. Perez handed the tellers during the robberies. The two-level enhancement increased Mr. Perez's suggested Guideline range from 37 to 46 to 46 to 57 months in prison. D.E. 38:8.

Mr. Perez objected to the application of the death threat enhancement to his sentence, because, he argued his two written demand notes did not constitute threats of death under the Guidelines. D.E. 24. He did not, however, object to any of the factual findings in the PSI. At the sentencing hearing, Mr. Perez again argued that the demand notes he presented to the tellers did not constitute a death threat. D.E. 38:6-38:7. The Government argued that the enhancement was appropriate under these circumstances because a reasonable person might have feared for her life based on the demand notes. *Id.* at 7-8.

The district court applied the two-level enhancement. It reasoned Mr. Perez's conduct was sufficient to establish "an element, certainly, of fear in the matter . . . that will put somebody in concern about harm" and concluded that "probably a

---

Clerk's Office on August 7, 2018 to obtain a copy of Mr. Perez's PSI, which Appellant attached to his brief and filed under seal. The Clerk's Office instructed Amicus to file a motion requesting the sealed document. Amicus filed such motion, which Appellant opposed. The Court has not yet ruled on the motion.

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

reasonable person, a reasonable teller, could have been in sufficient fear to warrant the application of the enhancement as recommended by the probation office," *Id.* at 13-14. "I, therefore, will find that." *Id.* The district court sentenced Mr. Perez to 46 months of imprisonment. D.E. 29.

### C. The Instant Appeal

On September 6, 2017, Mr. Perez filed a notice of appeal with the district court. He filed his appellate brief on March 30, 2018. In his brief, Mr. Perez argues the district court erred in applying the two-level U.S.S.G. § 2B3.1(b)(2)(F) enhancement for making a threat of death during a robbery to his sentence. *See* Appellant's Br. at 6. Particularly, he argues that the undisputed facts, his conduct during the robbery and the two demand notes, do not support the enhancement and that the district court did not make the requisite findings to apply the enhancement. *Id.* at 7, 10, 12.

On April 23, 2018, the Government filed its brief. The Government agrees with Mr. Perez that the district court erred in its application and interpretation of the Guidelines. Appellee's Br. at 6. Specifically, the Government argues the district court failed to "make the required finding as to whether the record evidence demonstrated that an objectively reasonable person would be in fear for his or her life after receiving either of Perez's demand notes." *Id.* at 11. The Government also opines that the undisputed facts did not support the enhancement. *Id.* at 12–15.

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

**D. The Court Appoints Amicus to Defend the Judgment of the District Court and Appellant Moves to Vacate that Appointment.**

On July 13, 2018, the Court appointed Amicus to serve as "a pro bono amicus lawyer to defend the district court's judgment." Five days later, Appellant filed the instant motion to vacate the Court's order appointing Amicus. In his motion, Appellant argues that the Court's order "exceeds the Court's Article III power and violates Mr. Perez's right to due process on appeal." Appellant's Mot. at 3. The arguments raised in Appellant's motion are premised on Appellant's erroneous interpretation of the Court's order as appointing Amicus Counsel to serve as a "private prosecutor" in the case and "make case-specific, factual arguments" against Appellant. *Id.* at 3–4, 12–16. Based on these premises, Appellant argues this Court's order inappropriately seeks to confer standing on a third party, *id.* at 10, is unnecessary, *id.* at 16, and deprives Appellant of his due-process right to be prosecuted by a public prosecutor, *id.* at 20.

On September 4, 2018, the Court issued an order requesting that Amicus "respond to the merits in opposition to Appellant's motion" and address the following cases in her submission: *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc); *United States v. Linville*, 228 F.3d 1330 (11th Cir. 2000); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985); *Landeros v. Pinnacle Recovery, Inc.*, 692 F. App'x 608 (11th Cir. 2017); and *Hunter v. United States*, 449 F. App'x 860 (11th Cir. 2011).

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

## II. Argument

Ironically, it is Appellant's motion, not the Court's order, that "manufactures a controversy." Appellant's Mot. at 10. The Court clearly did not exceed its Article III power in appointing "a pro bono amicus lawyer to defend the district court's judgment." Appointing an amicus curiae to defend the judgment of the district court and assist the Court by presenting an adversarial perspective when neither party is representing the other side of a legal question is well within this Court's discretion. Indeed, this Court, the Supreme Court, and other appellate courts have appointed amici in similar situations. Appellant's motion fails to cite to a single instance where a federal appellate court or any federal court was found to have exceeded its Article III power by appointing an amicus to defend a judgment on appeal.

Appellant's motion, moreover, is entirely based on the false premise that the Court appointed Amicus to serve as a private prosecutor and argue facts against the Appellant. Appellant clearly misunderstands the role of amicus and this Court. Appellant claims that the only issue raised on appeal is "a factual issue—*i.e.* whether the record supports the [district court's application of the Guidelines' death threat] enhancement." Appellant's Mot. at 2. But Appellant's brief, which frames the issue(s) on appeal, raises no factual issues, only legal issues.

### A. The Court Did Not Exceed Its Article III Authority in Appointing Amicus.

"It is well within [the] Court's authority to appoint an amicus curiae to file

6

**Podhurst Orseck, P.A.**

One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

briefs and present oral argument in support of the [lower court's] judgment." *United States v. Providence Journal, Co*., 485 U.S. 693, 704 (1988) (citing *Bob Jones University v. United States*, 456 U.S. 922 (1982) (appointing amicus to defend lower court's judgment)); *United States v. Fausto*, 480 U.S. 904 (1987) (same); *McCarthan v. Director of Goodwill Indus.-Suncoast, Inc*., 851 F.3d 1076, 1099 (11th Cir. 2017) (en banc) (noting Eleventh Circuit's inherent power to appoint amicus to argue a different interpretation of the law where parties agreed on same interpretation); *In re Utilities Power & Light Corp*., 90 F.2d 798, 800 (7th Cir. 1937) (noting court has power to appoint amicus *sua sponte*). *Cf. Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 581 (1946) ("After all, a federal court can always call on law officers of the United States to serve as amici.")

This Court "ha[s] a responsibility to interpret the law correctly," "notwithstanding any agreement" by the parties as to what the law says. *McCarthan*, 851 F.3d at 1099. And the Government or another party's concession of error on appeal does not alleviate the Court of that responsibility. *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000) ("We are not required to accept such a concession when the law and record do not justify it.") (citing *United States v. Flennory*, 145 F.3d 1264, 1268 n.9 (11th Cir. 1998) ("We are not bound by the Government's concession[.]")). Indeed, this Court "has the discretion to accept or reject a concession" by a party on appeal. *Santiago-Lugo v. Warden*, 785 F.3d 467,

**Podhurst Orseck, P.A**.
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

475 (11th Cir. 2015) (citing *Roberts v. Galen of Va., Inc.*, 525 U.S. 249, 253 (1999) ("[T]he concession of a point on appeal by respondent is by no means dispositive of a legal issue[.]")).

In instances "[w]hen the government [or another party] confesses error . . . and thus abandons a position taken in a lower court, the [appellate court] commonly appoints amicus to assert the abandoned cause" and assist the Court in properly interpreting and applying the law. *United States v. Brainer*, 691 F.2d 691, 693 (4th Cir. 1982) (adopting same procedure as Supreme Court in appointing amicus to defend the judgment of the prior court where government confessed error). Indeed, this Court has exercised its power to appoint amicus in such instances on several ocassions.[2] *See, e.g.*, *Jara v. Nuñez*, 878 F.3d 1268, 1271 (11th Cir. 2018) (noting "Court appointed amicus curiae to defend the decision of the district court" where appellee was no longer participating in the litigation); *McCarthan*, 851 F.3d at 1081, 1099 (appointing amicus to address issue both parties on appeal agreed on to receive the benefit of adversarial briefing); *Landeros v. Pinnacle Recovery, Inc.*, 692 F. App'x 608, 610 n.1 (11th Cir. 2017) (appointing amicus to "defend the district court's judgment" "[d]ue to the lack of adversarial briefing"); *Bryant v. Warden,*

---

[2] Appellant's contention that a court "does not appoint an amicus curiae whenever the government confesses error," Appellant's Mot. at 6, only underscores the Court's wide discretion in exercising its power to appoint amici.

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

*FCC Coleman-Medium*, 738 F.3d 1253, 1284 (11th Cir. 2013) (appointing amicus to brief and argue on appeal a particular issue which the government did not argue); *United States v. Rosenthal*, 763 F.2d 1291, 1292 n.2 (11th Cir. 1985) (appointing amicus to defend the judgment of the district court because the parties' interpretation of the law coincided). *Cf. Hunter v. United States*, 449 F. App'x 860, 862 n.4 (11th Cir. 2011) (appreciating the work of amicus in supporting the district court's judgment where government agreed with appellant).

In *McCarthan*, this Court sitting *en banc* recently explained that the "Supreme Court has modeled the use of an amicus curiae to aid" the Court when the supposedly adverse parties agree on a particular issue and fail to provide the Court with an alternative perspective or side of a legal question. 851 F.3d at 1099. In accepting the Court's appointment and aiding the Court by arguing an alternative interpretation of the law that neither party presented, the Court observed that amicus was "keeping with the highest tradition of the legal profession." *Id.* at 1081.

The Court's appointment of Amicus in this case is squarely in line with this Court's precedent. *See Jara*, 878 F.3d at 1271; *McCarthan*, 851 F.3d at 1099; *Landeros*, 692 F. App'x at 610 n.1; *Rosenthal*, 763 F.2d at 1292 n.2. The Government conceded error in its brief and agreed with Appellant that the district court erred in its interpretation and application of the Guidelines to Mr. Perez's sentence. Appellee's Br. at 6. And the Government agreed with Appellant that the

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

record before the district court did not support the enhancement applied to Mr.

Perez's sentence. *Id.* at 11-12. Left without the benefit of adversarial briefing, just

like in *McCarthan*, *Jara*, *Landeros*, and *Rosenthal*, the Court appointed Amicus.[3]

### B. Amicus's Defense of the District Court's Judgment Does Not Make Amicus a "Private Prosecutor" Nor Require Amicus to Argue the Underlying Facts of the Case Against Appellant.

Appellant's entire motion is a red herring that recycles the same argument

under different headings—the Court inappropriately appointed Amicus to serve as a

"private prosecutor." *See* Appellant's Mot. at 3–23. Based on Appellant's erroneous

characterization of Amicus as a "private prosecutor," Appellant argues that Amicus

will inappropriately "make case-specific, factual arguments adverse to [him]," *id.* at

---

[3] *See also Pepper v. United States*, 562 U.S. 476, 487 (2011) (appointing amicus to defend the judgment of the appellate court on defendant's sentencing because the government confessed error); *Bond v. United States*, 564 U.S. 211, 215–16 (2011) (appointing amicus to defend the judgment of the court of appeals because government conceded error); *Tapia v. United States*, 564 U.S. 319, 323 (2011) (same). *See also United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) (appointing amicus to defend the district court's judgment where the government agreed with the defendant on appeal); *Miller v. United States*, 735 F.3d 141, 144 (4th Cir. 2013) ("Because [appellant] and the government contend that the district court's ruling was erroneous and his conviction should be vacated, we appointed Amicus Curiae to defend the reasoning of the district court."); *United States v. Thompson*, 599 F.3d 595, 597 n.2 (7th Cir. 2010) (finding that because government confessed error, "we appointed an amicus to defend the district court's procedure"); *United States v. Haldeman*, 559 F.2d 31, 138–39 (D.C. Cir. 1976) ("[W]hen no party to an appeal from the District Court undertakes to support the decision under review, this court may appoint an attorney as amicus curiae to defend that decision . . . to give the court the benefit of the District Judge's wisdom on the point at issue.").

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

3, Amicus lacks standing "to make factual arguments adverse to the parties," *id.* at 11, Amicus's appointment is unnecessary to resolve this appeal, *id.* at 16, and Amicus's "appointment deprives Mr. Perez of his due process right to be prosecuted by a public prosecutor bound to seek only justice," *id.* at 20.

### 1. The Court Did Not Appoint Amicus to Serve as a "Private Prosecutor."

It is facially clear that the Court's order appointing Amicus Counsel "to "defend the district court's judgment" does not appoint her to serve as "private prosecutor." Not surprisingly, the cases cited by Appellant are completely inapposite and describe instances where a court actually ordered the appointment of a private lawyer to investigate and prosecute crimes against an individual.

Appellant's reliance on *In re United States*, 345 F.3d 450 (7th Cir. 2003), for example, in which the district court "refused to dismiss [a count against defendant upon the government's motion] and instead *appointed a private lawyer to prosecute it*," is misplaced. *Id.* at 452 (emphasis added). The Seventh Circuit found that the district court exceeded its authority in appointing a private attorney to prosecute a criminal count the government moved to dismiss, because it usurped a power designated to the executive branch. *Id.* at 452–54. In contrast, the Court's appointment here, which simply asks Amicus "to defend the district court's judgment" does not involve the investigation and prosecution of any criminal activity. Indeed, Mr. Perez does not appeal his conviction, but rather the Court's

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

application of a sentencing enhancement.

Appellant also relies on *United States v. Cox*, 342 F.2d 167 (5th Cir. 1965) to argue that the Court "usurp[ed] the Executive Branch's prosecutorial discretion in disregard of binding *en banc* precedent" by appointing Amicus to defend the judgment of the district court. Appellant's Mot. at 15. Unlike in *Cox*, however, the Court here did not hold the Government in contempt or send a U.S. Attorney to prison for refusing to indict or prosecute Mr. Perez. *See id.* at 169-70. Neither the Government nor Appellant argue on appeal that Mr. Perez's conviction should be vacated or that he should not have been prosecuted. And sentencing is not a matter of "prosecutorial discretion." *See Beckles v. United States*, 137 S. Ct. 886, 892-93 (2017) (noting "Congress [has] "historically permitted district courts 'wide discretion to decide whether the offender should be incarcerated and for how long'") (quoting *Mistretta v. United States*, 488 U.S. 361, 363 (1989)).

Appellant also spends much ink discussing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987). But the Court in *Young* simply held that "counsel for a party that is the beneficiary of a court order may not be appointed to undertake contempt prosecutions for alleged violations of that order." *Id.* at 789. Importantly, in *Young*, the court had appointed private counsel "to represent the United States ***in the investigation and prosecution*** of such activity." *Id.* at 792 (emphasis added). The Court's order here clearly does not appoint Amicus to

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

investigate or prosecute Mr. Perez. And Appellant's selective quotation from Justice Scalia's concurring opinion in the case, which would limit the Court's power to instances where it is "necessary to protect the courts' ability to function," is simply not relevant. *Id.* at 815. Indeed, Justice Scalia raised no objection when the Court appointed amicus curiae to defend the judgments below when the Government conceded error in *Pepper*, 562 U.S. at 487, *Bond*, 564 U.S. at 215–16, and *Tapia*, 564 U.S. at 322. *Young* simply does not, as Appellant claims, limit a court's power to appoint private counsel to assist the Court by briefing issues on appeal.

### 2. The Court's Order Does Not Require Amicus to Make Case-Specific, Factual Arguments Adverse to Appellant.

Because the caselaw cited in Appellant's brief is squarely inapposite, it is unclear whether amicus curiae can make factual arguments available to any other party on appeal,[4] but the Court need not decide this issue, because the underlying

---

[4] For example, Appellant relies on *In re Hunt*, 754 F.2d 1290, 1294 (5th Cir. 1985), but the case does not stand for the proposition that amicus cannot argue facts, rather amicus "cannot **raise** an issue of fact" on appeal, which the appellant "has not raised." *Id.* (emphasis added). Appellant also relies on *New England Patriots Football Club v. University of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979) and *In re Halo Wireless, Inc*., 684 F.3d 581, 595-96 (5th Cir. 2012), but neither of these cases involved a court appointed amicus nor stand for the proposition that amicus cannot address issues of fact on appeal. In *New England Patriots Football Club*, the Patriots sued the University of Colorado to enjoin them from recruiting Patriot's head coach Fairbanks. 592 F.2d at 1198. The district court granted the injunction, and the university appealed. *Id*. Fairbanks filed an amicus brief. *Id.* In his brief, Fairbanks, clearly wanting out of his contract, claimed, *inter alia*, he had previously been fired by the Patriots. *Id.* at 1199. While the court admonished Fairbanks for essentially adding nothing to legal arguments and only inserting his

**Podhurst Orseck, P.A**.
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

facts the district court considered to impose the Guidelines' death threat enhancement to Mr. Perez's sentence are undisputed. As such, Appellant's argument is a non-starter.

Nevertheless, based on his premise that Amicus would be serving as a private prosecutor, Appellant, apparently with a crystal ball in hand,[5] claims that Amicus will inappropriately be "mak[ing] case-specific, factual arguments adverse to [him]" on appeal. Appellant's Mot. at 3. Appellant misunderstands the role of an amicus and this Court. *United States v. Banks*, 347 F.3d 1266, 1271 (11th Cir. 2003) ("A court of appeals is not a fact finding body."); *accord Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1293 (11th Cir. 2010).

Appellant's motion, moreover, conveniently neglects to inform the Court that the underlying facts of this case, i.e. Mr. Perez's conduct, are not in dispute. *See* Appellant's Br. at 10 (describing "Mr. Perez'[s] ***undisputed conduct***") (emphasis

---

own version of the facts, *id.* at 1198 n.3, it nevertheless cited to his amicus brief when reciting the facts and throughout its opinion, *id.* at 1198-1201. In *In re Halo*, the Fifth Circuit's order striking non-court appointed amicus's brief had nothing to do with amicus arguing facts, but rather amicus failing to seek leave of court to file its brief and the court's determination that its brief "contains ***no information*** or arguments that the [a]ppellees did not already provide to the Court." 684 F.3d at 596 (emphasis added). If anything, *In re Halo* cuts against Appellant's argument that amici cannot make factual or informational arguments.

[5] Appellant's motion is, in any event, premature. If Amicus were to exceed the scope of her appointment in her brief, Appellant could then move to strike any allegedly inappropriate arguments. *See In re Halo Wireless*, 684 F.3d at 596 (granting motion to strike amicus brief).

**Podhurst Orseck, P.A.**

One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

added); *id.* at 11 (noting "[t]he parties stipulated and the court found" the underlying facts); *id.* at 6 (describing standard of review as *de novo* for application of Sentencing Guidelines). *See also* Appellee's Br. at 11 (noting "only evidence in sentencing record was the PSI's **undisputed recitation** of the contents of Perez's two demand notes") (emphasis added). As such, there are no "evidentiary issues of fact." Appellant's Mot. at 5. Nor can there be "a highly partisan account of the facts," *id.* at 4, when the facts are undisputed.

In his brief, Appellant frames the issue on appeal as a legal one meriting *de novo* review—the Court's application of the Sentencing Guidelines. Appellant's Br. at 2. Indeed, Appellant raises two legal issues in his brief: (1) whether the district court erroneously interpreted and applied the death threat enhancement in the Guidelines to his sentence, *see id.* at 2; *id.* at 6 (stating the standard of review is *de novo* because "[t]he district court's **application** of the Sentencing Guidelines is reviewed *de novo*") (emphasis added); *id.* at 8; *id.* at 10–11, and (2) whether the factual record before the district court was legally sufficient to support the application of the death threat enhancement, *id.* at 11–13. The Government in its brief, therefore, addressed the same legal issues. *See* Appellee's Br. at 1 (stating the issue as "[w]hether the district court erred in applying the two-level USSG § 2B3.1(b)(2)(F) enhancement. . . to Perez"); *id.* at 6 (describing standard of review as *de novo* because "[a] district court's interpretation and application of the

Sentencing Guidelines is reviewed *de novo*"); *id.* (arguing "district court erred in applying [the Guidelines]"); *id.* (arguing "sentencing record is not sufficient to uphold the enhancement").

Appellant's claim that he has raised "only a factual issue—*i.e.* whether the record supports the enhancement," Appellant's Mot. at 2, is not only belied by the briefs but is simply wrong. "Whether a particular guideline applies to a given set of facts is a question of law subject to *de novo* review." *United States v. McGarity*, 669 F.3d 1218, 1232 (11th Cir. 2012). And "[t]he application of the Sentencing Guidelines to the facts as found by the district court is [also] a question of law . . . review[ed] *de novo*." *Id.* *See also United States v. Murphy*, 306 F.3d 1087, 1089 (11th Cir. 2002) (applying *de novo* review to district court's application and interpretation of death threat enhancement under U.S.S.G. § 2B3.1(b)(2)(F)); *United States v. Petho*, 409 F.3d 1277, 1280 n.1 (11th Cir. 2005). In sum, the Court's order does not require Amicus to make case-specific, factual arguments.

### 3.   *Amicus Does Not Lack Standing to Defend the Judgment of the District Court.*

Appellant claims that Amicus also lacks standing "to make factual arguments adverse to the parties." Appellant's Mot. at 11-12; *see also id.* at 4. As an initial matter, none of the cases cited by Appellant stand for or support the proposition that amici curiae lack standing to argue or address factual issues in an appeal. Regardless, Amicus's assigned task—to defend the judgment of the district court—does not

require her to make any factual arguments adverse to Mr. Perez. The issues on appeal are legal. The underlying facts are undisputed. And Appellant does not question or challenge Amicus's standing to make legal arguments.

### 4. The Court Has Discretion to Appoint Amicus, Regardless of Whether Appellant Contends the Appointment is Necessary.

Appellant also argues that appointment of Amicus is not necessary to resolve this appeal. But whether an appellant considers the appointment of amicus necessary is not the standard the Court applies when appointing amici. Indeed, the appointment of an amicus is solely within a court's authority and discretion. *See Providence Journal Co.*, 485 U.S. at 703-04; *McCarthan*, 851 F.3d at 1099.[6]

Finally, Appellant's personal attack on Amicus's credentials miss the mark. Amicus admits she has not served as Solicitor General of the United States and is not a tenured professor at Harvard Law, but that does not mean that Amicus cannot fulfill her role of providing a different "perspective that can help the court beyond the help that the lawyers for the parties [have] provide[d]," *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997), or "supplement[] the efforts of counsel[ ] and draw[] the court's attention to law that escaped

---

[6] Appellant's contention that appointing amicus "is in no way necessary" because "[t]here is no indication that the U.S. Attorney's Office is unable or unwilling to perform its adversarial role," Appellant's Mot. at 19, is simply not true. The Government has conceded error, as Appellant recognizes. *Id.* at 2 (discussing the Government's confession of error).

**Podhurst Orseck, P.A.**

One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

consideration," *Miller-Wohl Co. v. Montana Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Admittedly several distinguished members of the legal professions have been appointed by appellate federal courts to serve as amicus, but Amicus's credentials are not significantly different from other court-appointed amici. *See, e.g.*, *McCarthan*, 851 F.3d at 1081 (appointing four-year attorney to serve as amicus); *Jara*, 878 F.3d at 1271 (appointing associate at law firm as amicus); *Rosenthal*, 763 F.2d at 1291 (appointing seven-year attorney as amicus); *Bryant*, 738 F.3d 1284 (appointing six-year attorney as amicus); *Thompson*, 599 F.3d at 595 n.2 (appointing five-year attorney as amicus).

### 5. *Amicus's Appointment Does Not Deprive Appellant of His Due Process Rights.*

Nor does Amicus's appointment deprive Mr. Perez of his due process right to be prosecuted by a public prosecutor. *See* Appellant's Mot. at 20-22. This argument is again premised on Appellant's mistaken belief that Amicus is serving as a private prosecutor. She is not. *See supra* at 13-16. And Appellant's exclusive reliance on *In re United States*, 345 F.3d 450, and *Young*, 481 U.S. 787, is again misplaced. As discussed above, both cases involve the inapposite situation where a court appointed a private lawyer to prosecute crimes against an individual.

Moreover, neither *In re United States* nor *Young* rest on due process arguments. *In re United States* does not even discuss due process, 345 F.3d 450, and the majority opinion in *Young* simply mentions in a footnote that a California state

court held it was a due process violation to appoint an interested party as a private prosecutor, 481 U.S. at 808 n.19. Only Justice Blackmun's concurring opinion in *Young* discusses a due process violation. *Id.* at 814-15 (Blackmun, J. concurring). And Justice Blackmun's unjoined concurrence only states that he would consider "appointing an ***interested party's counsel to prosecute for criminal contempt*** [] a violation of due process." *Id.* (emphasis added). This is not a contempt case. Appellant is not being prosecuted. Amicus is not an interested party.

"As a general rule, the two basic requirements of the Due Process Clause are notice and an opportunity to be heard prior to the deprivation of life, liberty, or property." *Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 794 F.3d 1327, 1331 n.5 (11th Cir. 2015) (citations omitted). It is undisputed that Mr. Perez has been provided with notice and an opportunity to be heard throughout his proceedings. He does not contend otherwise. The Court's appointment of Amicus does not, in any manner, deprive Mr. Perez of his due process rights.

### III.     Conclusion

In sum, Appellant's Motion to Vacate the Court's Order Appointing Amicus should be denied.

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Respectfully submitted,

/s/    *Alissa Del Riego*
Alissa Del Riego
Fla. Bar No. 99742
PODHURST ORSECK, P.A.
1 S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.: 305-358-2800
adelriego@podhurst.com

## CERTIFICATE OF COMPLIANCE

Amicus Counsel hereby certifies that the type style utilized in this response is 14 point Times New Roman proportionally spaced, and there are 5,001 words in the response.

/s/    *Alissa Del Riego*
Alissa Del Riego
Fla. Bar No. 99742

**Podhurst Orseck, P.A.**
One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 25, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/     <i>Alissa Del Riego</i>

Alissa Del Riego

Fla. Bar No. 99742

**Podhurst Orseck, P.A.**

One S.E. 1st Street, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com